**Hearing Date: February 14, 2008**
**Hearing Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re                                                                              Chapter 11

JADWIGA H. PAWLOWSKI,                                   Case No. 07-41506 (DEM)

                                        Debtor.
------------------------------------------------------------------X

### LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE SECOND INTERIM APPLICATION OF DUFFY & ATKINS, LLP, ATTORNEYS FOR THE CHAPTER 11 DEBTOR, AND THE FIRST AND FINAL APPLICATION OF KAISER, SAURBORN & MAIR, P.C. AS SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 11 DEBTOR, FOR ALLOWANCE OF FEES AND EXPENSES

TO:    THE HONORABLE DENNIS E. MILTON,
         UNITED STATES BANKRUPTCY JUDGE

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee") respectfully submits this limited objection to the first interim application for compensation and reimbursement of expenses filed by Duffy & Atkins, LLP ("D&A") as counsel to Jadwiga H. Pawlowski (the "Debtor") and the first and final application for compensation of Kaiser, Saurborn & Mair, P.C. ("Kaiser") as special litigation counsel to the Debtor.  Applications for the award of compensation have been filed as follows:

| **APPLICANT** | **COMPENSATION** | **EXPENSES** | **PERIOD** |
|---|---|---|---|
| Duffy & Atkins, LLP Counsel to Debtor | $77,765.00 | $3,502.52 | August 1, 2007 through December 31, 2007 |
| Kaiser, Saurborn & Mair, P.C., Special Litigation Counsel to the Debtor | $10,100.00 | $0.00 | September 20, 2007 through December 31, 2007 |

SUMMARY OF OBJECTION

The United States Trustee objects to the allowance and payment of any fees to D&A unless and until the previously filed plan of reorganization is confirmed by the Court. Presently, the United States Trustee and creditors do not have the requisite knowledge regarding whether a plan has been confirmed and whether the refinance of the Debtor's residence contemplated in that plan of reorganization can proceed.

If the plan of reorganization is confirmed by the Court prior to this fee application being heard and interim fees are awarded, the United States Trustee requests that such interim fee award be subject to a twenty-percent (20%) reduction, pending a subsequent hearing on a final fee application. There are significant questions that may need to be resolved at the time of a final fee application in this case.

Issues that may need to be litigated at the time of a final fee application include excessive inter-office conferences, excessive time spent on retention and fee applications and time billed for routine clerical tasks that should be considered secretarial overhead.

The United States Trustee has no objection to the allowance and payment of expenses requested by D&A.

The United States Trustee has no objection to the allowance and payment of fees requested by Kaiser. The litigation for which they were retained has concluded with a very favorable result for the Debtor and Kaiser has sufficient retainer funds in its escrow account to substantially cover its fees.

STATEMENT OF FACTS

1.    On March 28, 2007, the Debtor commenced this case by filing a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code.

2.    By order dated April 19, 2007, D&A was retained as attorney for the Debtor.

3.    On June 28, 2007, State Farm Mutual Automobile Insurance Company ("State Farm") commenced an adversary proceeding against the Debtor alleging non-dischargeability of certain debts pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The Debtor filed an answer on August 1, 2007. Kaiser was retained specifically to represent the Debtor in this adversary proceeding.

4.    On August 15, 2007, D&A filed its First Application for Compensation. The United States Trustee filed a limited objection to the application on September 17, 2007.

5.    On September 20, 2007, the Court entered an Interim Compensation Order awarding D&A fees in the amount of $24,150.00 and reimbursement of expenses in the amount of $1155.93.

6.    On January 11, 2008, the Debtor filed a monthly operating report for the period of December 1, 2007 through December 31, 2007 (the "December Operating Report"). The December Operating Report reflects that the Debtor has a bank balance of $13,666.26. D&A received a $25,000.00 retainer at the outset of the case which was used to pay fees and expenses previously awarded.

7.    On December 26, 2007, State Farm withdrew their adversary proceeding.

8.      On January 2, 2008 and January 22, 2008, the Debtor filed a Disclosure Statement and Plan of Reorganization and amended Disclosure Statement and Plan of Reorganization, respectively.

9.      A hearing on confirmation of the plan of reorganization is currently scheduled for February 14, 2008.

## OBJECTION

10.      Section 330 of the Bankruptcy Code states in pertinent part that, a court may award to professionals retained pursuant to 11 U.S.C. § 327:

> (1) (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by any paraprofessional persons employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.  11 U.S.C. § 330 . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered . . .
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

>    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

11. In calculating legal fees, the Supreme Court has stated that "'[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate.'" In re Henry A. Szymczak, 246 B.R. 774, 779 (Bankr. D.N.J. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  This approach is commonly referred to as the lodestar method.  There are a number of factors that may warrant a departure from the lodestar method.  For example, the court may consider the time and labor required, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, and awards in similar cases.  Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

12. The applicant bears the burden of proof in all fee matters.  In re Recycling Indus., Inc., 243 B.R. 396, 401 (Bankr. D. Colo. 2000); In re Keene Corporation, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997).  Accord In re Sounds Distributing Corp., 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) ("The burden of proof as to the reasonableness of the requested compensation rests with the applicant").  The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors."  In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996)(citing In re Pettibone Corp., 74 B.R. 293, 294 (Bankr. N.D. Ill 1987)).

13.     The Bankruptcy Court has the independent duty to examine the reasonableness of the fees requested by retained professionals, notwithstanding the absence of objections by the trustee, debtor or creditor.  In re AutoParts Club, Inc., 211 B.R. 29, 33 (Bankr., 9th Cir. 1997) (citing In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994)).

**A.  Second Interim Application of D&A**

14.     D&A seeks interim fees for the period August 1, 2007 through December 31, 2007, in the sum of $77,765.00 plus reimbursement of expenses in the sum of $3,502,52.  During this period, D&A spent a total of 360.40 hours on this matter, for a blended hourly rate of $215.77.

15.     Pursuant to this Court's September 20, 2007 order, D&A received an interim payment of $24,150.00.  D&A also received reimbursement of its expenses in the amount of $1,155.93.

16.     D&A's time records have been separated into twelve (12) different project categories.  The bulk of time entries were billed by Dennis J. Nolan (180.6 hours) and Todd E. Duffy (84.9 hours).  The summary schedule annexed to the application indicates that the majority of services rendered were spent in connection with claims administration and objections (85.1 hours) and Relief from Stay/Adequate Protection Proceedings (79.2 hours).

17.     The United States Trustee objects to the allowance and payment of any fee compensation to D&A until the previously filed plan of reorganization is confirmed by the Court.  Unless the Court enters an order that specifies different fee application periods, professionals "may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . or reimbursement for expenses."  11 U.S.C. §331.

18. Here, more than 120 days has expired since the first interim fee application, but confirmation is immanent. It does not make sense to wait another 120 days for the final fee application. The Court is most familiar with the facts at this time. At the time of a final fee application, issues raised in the first and second interim fee objections need to be resolved. These issues include excessive inter-office conferences, excessive time spent on retention and fee application, and time billed for routine clerical tasks that should be considered secretarial overhead.

19. The United States Trustee has no objection to the expenses sought herein by D&A and does not object to the full amount of expenses being awarded and paid at this time, pending a final fee hearing.

20. If the plan of reorganization is confirmed by the Court prior to this fee application being heard and interim fees being awarded, the United States Trustee requests that payment of such interim fee award should be subject to a twenty-percent (20%) reduction, pending a subsequent hearing on a final fee application.

**Absent Confirmation, Insufficient Funds Are Available to Pay Fees**

21. Based on the December Operating Report, filed on January 11, 2008, the Debtor has assets of $13,666.26. Although D&A received a $25,000.00 retainer at the outset of the case, the retainer was already used to pay counsel pursuant to a previous application and award. Therefore, funds currently available to pay D&A aggregate $13,666.26. Payment of fees by a third party can impact disclosure, and counsel's retention does not reflect that compensation will be paid by any person or entity other than the Debtor.

22.     Currently the confirmation hearing in this case is docketed for the same date and time as the instant interim fee application. Should the plan of reorganization be confirmed and the proposed refinance be effectuated, there will be sufficient funds to make a one hundred-percent (100%) distribution to all creditors. However, without confirmation, the Debtor's cash on hand will pay less than twenty-five (25%) of D&A's fees, and none of its expenes. For this reason, the United States Trustee objects to the allowance and payment of any of the compensation requested by D&A unless and until the previously filed plan of reorganization is confirmed by the Court.

**Excessive Interoffice Conferences**

23.     The issue of excessive numbers of inter-office conferences may need to be litigated in this case at the time of a final fee application. As with D&A's first interim fee application, almost every page of the time entries contained in this second interim fee application reveals one or more entries for inter-office conferences between the paraprofessionals, associate and partners working on this case. A review of the time records reveals approximately 82 separate entries for interoffice communication with billing totaling approximately $5,585.00, or approximately seven (7) percent of the total billing for the period. While there may be benefits enuring to a client from interoffice communication between attorneys, excessive communication, although perhaps helpful to the attorneys, cannot be considered to be quality billable hours reasonably chargeable to the client. In re Colorado-Ute Elec. Ass'n., 132 B.R. 174, 177 (Bankr. D. Colo. 1991).

24.     Furthermore, while the participation of more than one counsel or professional may be necessary in complex matters and compensation should be awarded accordingly, there is

a difference between duplication and coordination of services. In re Chicago Lutheran Hospital Association, 89 B.R. 719, 736 (Bankr. N.D. Ill. 1988). Not only should the estate not bear the burden of duplication of services, but courts have found that in cases involving multiple attorneys or a large amount of hours claimed, "'an across the board reduction is a necessary but fair expedient to correct for excessive or duplicative hours.'" In re Associated Grocers, 137 B.R. 413, 420 (Bankr. D. Colo. 1990) (quoting In re General Oil Distributors, 51 B.R. 794, 802 (Bankr. E.D.N.Y. 1985)); see also New York State Association for Retarded Children, Inc. v. Carey, 544 F. Supp. 330, 339 (E.D.N.Y.), rev'd on other grounds, 711 F.2d 1136, 1146 (2d Cir. 1983).

**Excessive Billing for Retention and Fee Applications**

25.    Counsel's time records reveal that billing for retention and fee applications may be subject to objection at the time of a final fee hearing. D&A billed $10,372.50, approximately 13% of the firm's total billing, for fee and retention applications during this billing period. Within this total amount, D&A billed $2,910.00 for the preparation of its first interim fee application.

**Billing for Clerical Activities**

26.    D&A has billed $525.00 for time spent maintaining files. These services have been billed as paraprofessional fees rather than being considered secretarial overhead. In re Fibermark, 349 B.R. 385, 396-97 (Bankr. D. Vt. 2006); United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, Appendix A to 28 C.F.R. § 58, ¶(b)(5)(vii) ("[o]verhead includes, but is not limited to, word processing, proofreading, and other clerical services."). These time entries were

9

billed by Sasha L. Martin and represent approximately 1/3 of the Administration billing category.

27.     While the United States Trustee recognizes that paraprofessionals might discern which documents might be necessary for trial binders or similar documents, these time entries appear to be for routine file maintenance.

**B.  First and Final Application of Kaiser**

28.     Kaiser seeks final fees for the period September 1, 2007 through December 31, 2007, in the sum of $10,100.00.  During this period, Kaiser spent a total of 25.25 hours on this matter, for an hourly rate of $400.00.

29.     Kaiser received a $10,000.00 retainer, all of which remains in Kaiser's escrow account.  Thus, were the requested fees to be awarded in full, the only obligation to the estate above the retainer would be $100.00.

30.     Kaiser was retained as special litigation counsel to represent the Debtor in the State Farm adversary proceeding.  The fruits of Kaiser's labor are evident in the fact that the State Farm adversary proceeding has been withdrawn, resulting in no harm or expense, and in fact great benefit, to the estate.

31.     The United States Trustee has reviewed the time records submitted by Kaiser in support of the application for compensation.  The compensation requested by Kaiser is reasonable in light of the work performed and the results obtained.   Therefore, the United States Trustee does not object to an award of the compensation requested by Kaiser.

## CONCLUSION

For these reasons, the United States Trustee objects to the allowance and payment of any fees to D&A unless and until the previously filed plan of reorganization is confirmed by the Court. If the plan of reorganization is confirmed by the Court prior to this fee application being heard and interim fees are awarded, the United States Trustee requests that payment of such interim fee award be subject to a twenty-percent (20%) reduction, pending a subsequent hearing on a final fee application.

The United States Trustee has no objection to payment in full of the request by D&A for reimbursement of their expenses.

The United States Trustee has no objection to the allowance and payment of fees requested by Kaiser.

Dated: Brooklyn, New York
      February 7, 2008

Respectfully submitted,

DIANA G. ADAMS
UNITED STATES TRUSTEE
FOR REGION 2

By:   */s/ William E. Curtin*
William E. Curtin (WC-1974)
Trial Attorney
271 Cadman Plaza East
Room 4529
Brooklyn, New York 11201
Tel. No. (718) 422-4960
Fax. No. (718) 422-4990